# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DAVID DANIELS**,

         Plaintiff,

                                        Case No: 24-cv-11686

v.                                         Hon. Sean F. Cox

**UNIVERSITY OF MICHIGAN, UNIVERSITY OF MICHIGAN BOARD OF REGENTS,** and **MAUREEN BURKE, DAVID GIER, GLORIA HAGE, MARTIN PHILBERT, MARGIE PILLSBURY, MARK SCHLISSEL,** and **ELIZABETH SENEY,** all sued in their personal and official capacities, and **ANDREW LIPIAN,** sued in his personal capacity,

         Defendants.

---

| | |
|---|---|
| **STACEY LAW PRACTICE** | **DEBORAH GORDON LAW** |
| Francyne Stacey (P33225) | Deborah L. Gordon (P27058) |
| 455 E. Eisenhower Pkwy, Ste 300 | Elizabeth Marzotto Taylor (P82061) |
| Ann Arbor, MI 48108 | Sarah Gordon Thomas (P83935) |
| (734) 821-8088 | 33 Bloomfield Hills Parkway, Suite 220 |
| francyne@staceylawpractice.com | Bloomfield Hills, Michigan 48304 |
| **Attorney for Plaintiff** | (248) 258-2500 |
| | dgordon@deborahgordonlaw.com |
| **ARBOR LAW PLLC** | emarzottotaylor@deborahgordonlaw.com |
| Jay D, Mukerji (P83218) | sthomas@deborahgordonlaw.com |
| 455 E. Eisenhower Pkwy, Ste 300 | **Attorneys for Defendant Andrew Lipian** |
| Ann Arbor, MI 48108 | |
| (734) 773-0087 | **BUTZEL LONG** |
| attorney@arborlaw.com | Daniel B. Tukel (P34978) |
| **Attorney for Plaintiff** | 201 W. Big Beaver Road, Suite 1200 |
| | Troy, MI 48084 |
| | (248) 258-1616 |
| | tukel@butzel.com |
| | **Attorneys for Defendants University of Michigan, University of Michigan Board of Regents and Gloria Hage** |

---

# DEFENDANT ANDREW LIPIAN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Andrew Lipian, through his attorneys, Deborah Gordon Law, hereby moves to dismiss Counts V (Civil Conspiracy), VII (Intentional Infliction of Emotional Distress, and VIII (Interference with a Business Expectancy) brought against him in Plaintiff's Amended Complaint in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for the following reasons and as fully set forth in his accompanying brief:

1.     Plaintiff filed his original complaint on June 28, 2024 (ECF No. 1) and his Amended Complaint on September 10, 2024 (ECF No. 30).

2.     Plaintiff's original complaint brought eight counts against Defendant Lipian, including claims for violation of Plaintiff's constitutional rights and civil rights under Michigan's ELCRA. ECF No. 1.

3.     Defendant Lipian's counsel met and conferred with Plaintiff's counsel regarding Defendant Lipian's response to the original complaint, pursuant to Local Rule 7.1, and explained that all the claims brought against him were time-barred, and that he was not capable of suit for violation of the 14th Amendment or ELCRA, or for breach of contract with Plaintiff. **Ex. 1**, Corresp. Re L.R. 7.1.

4.     Defendant Lipian's counsel also explained that Daniels had failed to plead facts that could establish the required legal elements of his other claims, at issue here. *Id.*

5.     In response, Plaintiff amended his complaint. ECF No. 30.

6.      Plaintiff's Amended Complaint dropped his constitutional, ELCRA, and breach of contract claims against Defendant Lipian. *Id.*

7.      Plaintiff added vague language attempting to cure his insufficiently pled claims of Civil Conspiracy, Intentional Infliction of Emotional Distress, and Interference with a Business Expectancy against Plaintiff.

8.      Each of these claims remains time barred.

9.      Plaintiff fails to state plausible claims for relief against Defendant Lipian for any of these claims. Fed. R. Civ. P. 12(b)(6).

10.      Pursuant to Local Rule 7.1, Defendant's counsel met and conferred with Plaintiff's counsel again via telephone and email between September 10 and 13, 2024 concerning these obvious defects in Plaintiff's pleadings. **Ex. 1**, Corresp. Re L.R. 7.1.

11.      Plaintiff's counsel did not concur in the relief sought by this motion.

WHEREFORE, Defendant Andrew Lipian requests that this Honorable Court dismiss Counts V (Civil Conspiracy), VII (Intentional Infliction of Emotional Distress, and VIII (Interference with a Business Expectancy) brought against him in Plaintiff's Amended Complaint in their entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: September 27, 2024                  Respectfully submitted,

                                           **DEBORAH GORDON LAW**
                                           /s/ Deborah L. Gordon
                                           Deborah L. Gordon (P27058)
                                           Attorneys for Plaintiff
                                           33 Bloomfield Hills Parkway, Suite 220

Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DAVID DANIELS**,

Plaintiff,

Case No: 24-cv-11686
Hon. Sean F. Cox

v.

**UNIVERSITY OF MICHIGAN, UNIVERSITY OF MICHIGAN BOARD OF REGENTS,** and **MAUREEN BURKE, DAVID GIER, GLORIA HAGE, MARTIN PHILBERT, MARGIE PILLSBURY, MARK SCHLISSEL,** and **ELIZABETH SENEY,** all sued in their personal and official capacities, and **ANDREW LIPIAN,** sued in his personal capacity,

Defendants.

---

**STACEY LAW PRACTICE**
Francyne Stacey (P33225)
455 E. Eisenhower Pkwy, Ste 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com
**Attorney for Plaintiff**

**ARBOR LAW PLLC**
Jay D, Mukerji (P83218)
455 E. Eisenhower Pkwy, Ste 300
Ann Arbor, MI 48108
(734) 773-0087
attorney@arborlaw.com
**Attorney for Plaintiff**

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
**Attorneys for Defendant Andrew Lipian**

**BUTZEL LONG**
Daniel B. Tukel (P34978)
201 W. Big Beaver Road, Suite 1200
Troy, MI 48084
(248) 258-1616
tukel@butzel.com
**Attorneys for Defendants University of Michigan, University of Michigan Board of Regents and Gloria Hage**

# DEFENDANT ANDREW LIPIAN'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

# TABLE OF CONTENTS

INDEX OF AUTHORITIES........................................................................................iii

I.     INTRODUCTION .......................................................................................... 1

II.    FACTUAL ALLEGATIONS............................................................................ 1

III.   LAW AND ARGUMENT ............................................................................... 2

      A.     All Of Plaintiff's Claims Are Time-Barred................................................ 2

      B.     Plaintiff Failed to Plead Basic Facts That Could Support Any Claim

           to Relief............................................................................................... 6

           1.   Count V – Civil Conspiracy Fails to State a Claim...................... 8

           2.   Count VII – Intentional Infliction of Emotional Distress

               Fails to State a Claim .................................................................. 11

           3.   Count VIII – Interference with A Business Expectancy

               Fails to State a Claim .................................................................. 14

           4.   Lipian's Statements in Judicial Proceedings Are

               Absolutely Privileged................................................................. 18

IV.    CONCLUSION............................................................................................ 19

# TABLE OF AUTHORITIES

## Cases

*Admiral Ins Co v Columbia Cas Ins Co,*
194 Mich App 300 (1992) ....................................................................15

*Alar v. Mercy Mem'l Hosp.,*
208 Mich. App. 518 (1995)............................................................ 23, 25

*Ashcroft v. Iqbal,*
555 U.S. 662 (2009)...........................................................................14

*Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.,*
898 F.3d 710 (6th Cir. 2018) ........................................................ 22, 23

*Bahr v Miler Bros Creamerty,*
365 Mich 415 (1961) ..........................................................................17

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)...........................................................................14

*Bradley Est.,*
494 Mich. 367 (2013) .........................................................................10

*Carter v. Jindale,*
2023 WL 8654894 (E.D. Mich. Dec. 13, 2023) ....................................20

*Carter v. Quainton,*
2023 WL 8656946 (E.D. Mich. Nov. 7, 2023).......................................20

*Cedroni Ass'n, Inc. v. Tomblinson, Harburn Assocs., Architects & Planners Inc.,*
492 Mich. 40 (2012) ...........................................................................21

*Center for Bio- Ethical Reform v. Napolitano,*
648 F.3d 365 (6th Cir. 2011). .............................................................15

*Chabad–Lubavitch of Michigan v. Schuchman,*
862 N.W.2d 648 (Mich. 2015) ............................................................12

*Chandler v. Wackenhut Corp.,*
465 Fed. Appx. 425 (6th Cir. 2012) ..........................................................................11

*Chungag v. Wells Fargo Bank, N.A.,*
489 F. App'x 820 (6th Cir. 2012) ..............................................................................19

*Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,*
2012 WL 5828623 (E.D. Mich. July 6, 2012) .................................................... 11, 13

*Cousineau v. Ford Motor Co.,*
140 Mich. App. 19 (1985) ..........................................................................................18

*Detroit Will Breathe v. City of Detroit,*
524 F. Supp. 3d 704 (E.D. Mich. 2021) ............................................................ 16, 17

*Doe v. Mills,*
536 N.W.2d 824 (Mich. Ct. App. 1995) ....................................................................19

*Doe v. Roman Catholic Archbishop of Archdiocese of Detroit,*
264 Mich. App. 632 (2004) ........................................................................................12

*English v. Bousamra,*
9 F.Supp.2d 803 (W.D. Mich. 1998) .........................................................................12

*Fakhreddine v. Sabree,*
2024 WL 4045446 (E.D. Mich. Sept. 4, 2024) .........................................................12

*Falk v. State Bar,*
411 Mich. 63 (1981) ...................................................................................................13

*Fieger v. Cox,*
524 F.3d 770 (6th Cir. 2008) .....................................................................................16

*Forrester v. Clarenceville Sch. Dist.,*
537 F. Supp. 3d 944 (E.D. Mich. 2021) ....................................................................10

*Glesner v. Jones,*
368 Mich. 510 (1962) .................................................................................................25

*Graham v. Ford,*

604 N.W.2d 713 (Mich. Ct. App. 1999) ................................................................19

*Gutierrez v. Lynch*,
  826 F.2d 1534 (6th Cir. 1987) ...........................................................................16

*Hawkins v. Dep't of Corrections*,
  2010 WL 1576764 (Mich. Ct. App. Apr. 20, 2010) .................................................13

*Hilden v. Hurley Med. Ctr.*,
  831 F. Supp. 2d 1024 (E.D. Mich. 2011) .............................................................19

*Hill v. United States Dep't of Labor*,
  65 F.3d 1331 (6th Cir.1995) ..............................................................................13

*Hilton v. Mish*,
  720 F. App'x 260 (6th Cir. 2018) ........................................................................19

*Hooks v. Hooks*,
  771 F.2d 935 (6th Cir. 1985) .............................................................................16

*In re Flint Water Cases*,
  453 F. Supp. 3d 970 (E.D. Mich. 2020). ...............................................................19

*Jackson v. Quanex Corp.*,
  191 F.3d 647 (6th Cir. 1999)) ..............................................................................9

*Jackson v. Southfield Neighborhood Revitalization Initiative*,
  2023 WL 6164992 (Mich. Ct. App. Sept. 21, 2023) ...............................................18

*Jones v. Campbell*,
  2024 WL 3262606 (E.D. Mich. July 1, 2024) .........................................................20

*Jones v. Muskegon Cnty.*,
  625 F.3d 935 (6th Cir. 2010) .............................................................................19

*Karl G. Barton v. City of Ann Arbor, et. al.*,
  2024 WL 4193751 (E.D. Mich. Sept. 13, 2024) ....................................................19

*Keene v. Rossi*,
  2015 WL 13742444 (E.D. Mich. Nov. 30, 2015) .............................................. 25, 26

*Knight Enterprises v. RPF Oil Co.*,
    299 Mich. App. 275 (2013) ....................................................................23

*Lechner v. Peppler*,
    2018 WL 2121483, at *3 (Mich. Ct. App. May 8, 2018) ...........................9

*Livingston v. C. Michael Villar, P.C.*,
    2012 WL 639322 (Mich. Ct. App. Feb. 28, 2012) .................................11

*Lucy v. Amoco Oil Co.*,
    582 F. Supp. 1168 (E.D. Mich. 1984)) ..................................................10

*McClure v. City of Detroit*,
    2015 WL 224744 (E.D. Mich. Jan. 15, 2015) ........................................11

*Mercurio v Huntington Nat'l Bank*,
    2023 WL 4981374 (2023) ................................................................ 10, 15

*Meyer v. Hubbell*,
    117 Mich. App. 699 (1982) ............................................................ 25, 26

*Multi Holsters, LLC v. Tac Pro Inc.*,
    2017 WL 4098857 (E.D. Mich. Sept. 15, 2017) .....................................21

*Nelson v. Ho*,
    222 Mich. App. 74 (1997) ....................................................................10

*New Albany Tractor v. Louisville Tractor*,
    650 F.3d 1046 (6th Cir. 2011) ..............................................................14

*Nielsen v. Henry H Stevens, Inc.*,
    368 Mich. 216 (1962) ..........................................................................25

*Ragan v. Merchs. Transfer & Warehouse Co.*,
    337 U.S. 530 (1949) .............................................................................11

*Rahaman v. Spine Specialists of Michigan*,
    2024 WL 3795995 (E.D. Mich. Aug. 13, 2024 ......................................10

*Reed v. Reed*,

2024 WL 3935426 (E.D. Mich. Aug. 26, 2024) ......................................................13

*Riverside Auto Sales, Inc. v. GE Capital Warranty Corp.,*
2004 WL 2106638 (W.D. Mich. Mar. 30, 2004)...................................................12

*Roberson v. Macnicol,*
698 F. App'x 248 (6th Cir. 2017) ..........................................................................11

*Roche Diagnostics Corp. v. Shaya,*
427 F. Supp. 3d 905 (E.D. Mich. 2019) .................................................................16

*Sanders v. Robert Half Int'l, Inc.,*
2024 WL 220370 (E.D. Mich. Jan. 19, 2024) ..........................................................9

*Sawyer v. Michigan State Police,*
310 F. Supp. 2d 876 (E.D. Mich. 2004) ........................................................... 25, 26

*Sills v. Oakland Gen'l Hosp.,*
220 Mich.App. 303 (1996) ....................................................................................12

*Tapia-Martinez v. Gonzales,*
482 F.3d 417 (6th Cir. 2007)) ...............................................................................11

*Terlecki v. Stewart,*
278 Mich. App. 644 (2008)......................................................................................9

*Trentadue v. Buckler Lawn Sprinkler,*
479 Mich. 378 (2007) ...................................................................................... 11, 12

*Trudeau v. Fisher Body Div., Gen. Motors Corp.,*
168 Mich. App. 14 (1988) .....................................................................................19

*Turner v. Mercy Hosp. & Health Servs. of Detroit,*
210 Mich.App. 345 (1995)....................................................................................12

*Urbain v Beierling,*
301 Mich App 114 (2013) ............................................................................... 10, 15

*Varlesi v. Wayne State Univ.,*
909 F. Supp. 2d 827 (E.D. Mich. 2012).................................................................21

*Wershe v. City of Detroit, Michigan,*
  112 F.4th 357 (6th Cir. 2024) ......................................................................9

*West v. City of Garden City,*
  2015 WL 4477858 (E.D. Mich. July 22, 2015) .......................................12

**Statutes**
28 U.S.C.A. § 1927 ...........................................................................................20
Mich. Comp. Laws § 600.5827...........................................................................2
Mich. Comp. Laws § 600.5855...........................................................................5

**Rules**
Fed. R. Civ. P. 11, 28 U.S.C.A. § 1927 ...........................................................20
Fed. R. Civ. P. 8(a), 12(b)(6)..............................................................................7
Restatement (Second) of Torts § 766.................................................................16

## I.      INTRODUCTION

All claims brought against Defendant Lipian ("Lipian") should be dismissed in their entirety and with prejudice. Every claim is time-barred. There are no circumstances justifying equitable tolling of the well-settled three-year statute of limitations that applies to each claim. Moreover, Plaintiff failed to plead the basic facts necessary to support his claims. All of Plaintiff's claims against Lipian should be dismissed.

## II.     FACTUAL ALLEGATIONS

Lipian is a former student of the University of Michigan's School of Music, Theater, and Dance. He studied under Plaintiff beginning in the fall of 2016. ECF No. 30, PageID.413. As alleged in Lipian's federal complaint filed in October 2018, Plaintiff sexually harassed Lipian throughout his time at the University, and, in March 2017, drugged and sexually assaulted him. *See Lipian v. University of Michigan et. al.,* 2:18-cv-13321, ECF No. 150. Lipian filed suit against Daniels and the University alleging sexual harassment in violation of Title IX, among other claims. *See Lipian v. University of Michigan et. al.,* 2:18-cv-13321, ECF No. 1. The case settled in May 2023. *See Lipian v. University of Michigan et. al.,* 2:18-cv-13321, ECF No. 317.

The crux of Plaintiff's allegations against Lipian is that he made false and damaging statements about Plaintiff. ECF No. 30, PageID.413-414, 422-423. However, the Amended Complaint fails to plead **what Lipian purportedly said**. Plaintiff also fails to plead the date that any such statement was made; whether the statements were verbal or written; the identities of who the statements were purportedly made to; and

what factual nexus these statements bear to Daniels' termination. As a result, Plaintiff's factual allegations against Lipian are far too vague and conclusory to support his legal claims.

## III.   LAW AND ARGUMENT

### A.   All Of Plaintiff's Claims Are Time-Barred

The statute of limitations has lapsed on all Plaintiff's claims against Lipian. Plaintiff's civil conspiracy claim is subject to a three-year statute of limitations. The conspiracy claim takes on the limitations period for the underlying tort that was the object of the conspiracy. *Terlecki v. Stewart*, 278 Mich. App. 644 (2008). Plaintiff alleges that the object of the purported conspiracy was his termination. ECF No. 30, PageID.450. All the torts alleging Plaintiff's wrongful termination have 3-year statutes of limitations. *Lechner v. Peppler*, 2018 WL 2121483, at *3 (Mich. Ct. App. May 8, 2018) (statute of limitations for violation of civil rights is a three-year period); *see also Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 365 (6th Cir. 2024) (§ 1983 claims subject to three-year statute of limitations); *see also Sanders v. Robert Half Int'l, Inc.*, No. 2:22-CV-12532, 2024 WL 220370, at *4, n. 1 (E.D. Mich. Jan. 19, 2024) (citing Mich. Comp. Laws § 600.5805(2); *Jackson v. Quanex Corp.*, 191 F.3d 647, 667 and n. 7 (6th Cir. 1999)) (ELCRA claims have a three-year statute of limitations).

Plaintiffs' civil conspiracy claim is governed by Michigan's standard rule of accrual, which states that the claim accrues at the time the wrong upon which the claim is based was done. *See* Mich. Comp. Laws § 600.5827; *see also Forrester v. Clarenceville Sch.*

2

*Dist.*, 537 F. Supp. 3d 944, 951–52 (E.D. Mich. 2021) (same). The civil conspiracy claim accrued on March 26, 2020, when Plaintiff's termination became final. ECF No. 30, PageID.435. Plaintiff's civil conspiracy claim was filed 15 months too late and must be dismissed.

Michigan law does not permit plaintiff to base his conspiracy claim on his allegations of breach of contract. *Urbain v Beierling*, 301 Mich App 114, 132 (2013) (civil conspiracy claim dismissed because it was based on alleged legal violations sounding in contract rather than tort). A plaintiff alleging a civil conspiracy must allege a separate, actionable tort as the basis of the conspiracy. *Mercurio v Huntington Nat'l Bank*, 2023 WL 4981374, at *10 (Mich. App., Aug. 3, 2023). Claims for breach of contract do not sound in tort. *In re Bradley Est.*, 494 Mich. 367, 383–84 (2013). The Court cannot apply the 6-year statute of limitations on Plaintiff's breach of contract claims to his civil conspiracy claim.

Plaintiff's claims of intentional infliction of emotional distress ("IIED") (*Rahaman v. Spine Specialists of Michigan*, No. 22-12349, 2024 WL 3795995, at *4 (E.D. Mich. Aug. 13, 2024) (citing (*Nelson v. Ho*, 222 Mich. App. 74, 85 (1997))) and interference with a business expectancy (*Lucy v. Amoco Oil Co.*, 582 F. Supp. 1168, 1172 (E.D. Mich. 1984)) are also subject to a three-year statute of limitations and are time-barred as a result.

The limitations period on Plaintiff's IIED claim began to run "at the time the wrong upon which the claim is based was done regardless of the time when damage

results." Mich. Comp. Laws § 600.5827. The Amended Complaint is devoid of any date other than that of his March 26, 2020 termination on which this claim could be based. The Amended Complaint explicitly premises this claim on the "terminat[ion] of [Plaintiff's] employment". ECF No. 30, PageID.453. Plaintiff's claim of interference with a business expectancy also accrued as of the date of his termination, the business expectancy at issue being Plaintiff's employment with the University. *Id.* at PageID.454. These claims were also filed more than a year late, and should be dismissed.

There is no factual or legal basis for the Court to equitably toll the applicable three-year statutes of limitations on Plaintiff's claims against Lipian. Claims arising under state law are governed by state tolling doctrine. *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) (citing *Ragan v. Merchs. Transfer & Warehouse Co.,* 337 U.S. 530, 533 (1949); *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 423 n.6 (6th Cir. 2007)).

This Court has previously observed that Michigan no longer recognizes a common law equitable tolling doctrine; rather, a plaintiff's right to equitable tolling must be based on a statutory right to tolling. *See McClure v. City of Detroit*, 2015 WL 224744, at *4 (E.D. Mich. Jan. 15, 2015) (citing *Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 2012 WL 5828623, at *8, n. 4 (E.D. Mich. July 6, 2012) (Goldsmith, J.) (citing *Livingston v. C. Michael Villar, P.C.,* 2012 WL 639322, at *2 (Mich.  Ct. App. Feb. 28, 2012) (per curiam)) ("In Michigan, equitable tolling does not exist except as provided by statute."); *cf. Trentadue v. Buckler Lawn Sprinkler,* 479 Mich. 378, 389–392 (2007); *Chandler v. Wackenhut Corp.,* 465 Fed. Appx. 425, 431–32 (6th Cir. 2012). *See also*

4

*Fakhreddine v. Sabree*, 2024 WL 4045446, at *3 (E.D. Mich. Sept. 4, 2024) ("Michigan Courts have 'severely limited, if not completely eliminated, the equitable tolling doctrine.'") (citing *West v. City of Garden City*, 2015 WL 4477858, at *10 (E.D. Mich. July 22, 2015); *Trentadue*, 479 Mich. at 738; *Chabad–Lubavitch of Michigan v. Schuchman*, 862 N.W.2d 648 (Mich. 2015)).

> Michigan's tolling statute states:
>
> "If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

*See* Mich. Comp. Laws § 600.5855.

Plaintiff is not entitled to tolling under Michigan statute. His Amended Complaint does not allege that Lipian or any other "defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery" of any of his claims. *Sills v. Oakland Gen'l Hosp.,* 220 Mich.App. 303, 310 (1996); *see also, Doe v. Roman Catholic Archbishop of Archdiocese of Detroit,* 264 Mich. App. 632, 642–43 (2004). "Courts are to strictly construe and narrowly apply the fraudulent concealment exception." *Riverside Auto Sales, Inc. v. GE Capital Warranty Corp.,* No. 2:03–CV–55, 2004 WL 2106638, at *5 (W.D. Mich. Mar. 30, 2004) (citing *English v. Bousamra,* 9 F.Supp.2d 803, 808 (W.D. Mich. 1998) (in turn citing *Turner v. Mercy Hosp. & Health Servs. of Detroit,* 210 Mich.App. 345, 350 (1995) and *Hill v. United States Dep't of Labor,* 65 F.3d 1331,

1335 (6th Cir.1995))). *See also Reed v. Reed*, 2024 WL 3935426, at *3 (E.D. Mich. Aug. 26, 2024) (no equitable tolling where there was no allegation of fraud, mistake, or defendant's intentional or negligent conduct to induce plaintiff to untimely file his claim). Plaintiff is not entitled to equitable tolling under Michigan law.

Even if non-statutory equitable tolling did exist in Michigan, application of the doctrine would require the exercise of due diligence by Plaintiff, which he cannot show here. *Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 2012 WL 5828623, at *8 (E.D. Mich. July 6, 2012) (citing *Hawkins v. Dep't of Corrections,* 2010 WL 1576764, at *2 (Mich. Ct. App. Apr. 20, 2010)). "[E]quity aids the vigilant, not those who sleep on their rights." *Falk v. State Bar,* 411 Mich. 63, 113 n. 27 (1981) (RYAN, J., joined by MOODY and FITZGERALD, JJ.) (quotation omitted). Neither Plaintiff's criminal proceeding nor the COVID-19 pandemic provide a basis for this Court to equitably toll the statutes of limitations. Plaintiff was represented by his current counsel throughout his criminal proceeding. He could have filed timely claims against Lipian at any time during the 3-year period following his termination and then sought a temporary stay of the civil matter or asserted his Fifth Amendment rights as necessary and appropriate to protect his position in the criminal proceeding. Moreover, Plaintiff had nearly an entire year after his criminal proceedings ended to timely file his civil claims against Lipian. Plaintiff slept on his rights and equity cannot revive them.

### B.  Plaintiff Failed to Plead Basic Facts That Could Support Any Claim to Relief

Plaintiff's Amended Complaint has not stated claims upon which relief can be granted. He has not made the requisite showing that he is entitled to relief. Fed. R. Civ. P. 8(a), 12(b)(6). Plaintiff's Amended Complaint lacks sufficient factual allegations to establish that his claims are plausible on their face, or that there is more than the mere possibility that Lipian acted unlawfully. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Amended Complaint alleges nothing but labels, conclusions, and a formulaic recitation of the legal elements of his causes of action. *Twombly*, at 555.

This Court need not accept as true the strings of bare legal conclusions, conclusory statements, and allegations in the Amended Complaint. Indeed, the Court should wholly disregard Plaintiff's conclusory statements and allegations. *Ashcroft v. Iqbal*, 555 U.S. 662, 678-679. Plaintiff fails to identify the most basic facts underlying his claims, such as **what words Lipian allegedly said about him, to whom, and on what date**. Plaintiff's allegations do not permit the Court to infer anything more than the merest possibility of misconduct and fall far short of demonstrating that Plaintiff is entitled to relief. *Iqbal*, 555 U.S. at 679-680. The Sixth Circuit has made it clear that plaintiff must have, and plead, knowledge of factual details to support a plausible complaint for relief. *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011). Plaintiff failed to plead any specific facts to support his claims, and he may not use the discovery process to obtain such facts after filing suit. *Id.* It is well-settled in the Sixth Circuit that a complaint like this one, that does not provide the "when, where, in

what or by whom" to support conclusory allegations fails to state a claim. *Center for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011).

## 1. Count V – Civil Conspiracy Fails to State a Claim

Plaintiff's civil conspiracy claim should be dismissed. First, Plaintiff failed to plead a separate, actionable tort as the basis of the conspiracy. *Mercurio v Huntington Nat'l Bank*, 2023 WL 4981374, at *10 (Mich. Ct. App. Aug. 3, 2023). To the extent that this claim is premised on Defendant's alleged breach of contract, the claim must fail as a matter of law. *Urbain*, 301 Mich App at 132 (civil conspiracy claim dismissed because it was based on alleged contractual violations rather than a tort). As set forth elsewhere herein and in the University Defendants' motion to dismiss, Plaintiff failed to plead any other actionable tort upon which the conspiracy claim could be based.

"A civil conspiracy is a combination of two or more persons, *by some concerted action*, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Mercurio*, 2023 WL 4981374, at *10 (emphasis in original) (citing *Admiral Ins Co v Columbia Cas Ins Co*, 194 Mich App 300, 313, 486 N.W.2d 351 (1992)). Just as in *Mercurio*, Plaintiff's allegations are purely conclusory and are not fact driven. *Mercurio*, 2023 WL 4981374, at *10. Plaintiff alleges that on unspecified dates, Lipian made unspecified statements about him, by unspecified means, to unspecified Defendants and third parties to unspecified ends. For example, he alleges that on an unknown date, Lipian:

- "[c]ommunicated with the "singer" using encrypted emails;" ECF No. 30, PageID.422

- "[c]onspired with others, including students and faculty and the other Defendants, to provide false, defamatory, inflammatory and prejudicial information about Plaintiff to the other Defendants;" ECF No. 30, PageID.422, ¶ 86 (c);

- "[m]et with, cajoled and encouraged SMTD students to provide false information to Seney, the OIE and the other Defendants;" ECF No. 30, PageID.423, ¶ 86 (k).

"Pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). "[V]ague and conclusory allegations unsupported by material facts will not be sufficient" to state a claim for conspiracy. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). *See also Detroit Will Breathe v. City of Detroit*, 524 F. Supp. 3d 704, 711 (E.D. Mich. 2021). Plaintiff's claim fails because he did not allege any material facts showing "a single plan, that [Lipian] shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Detroit Will Breathe v. City of Detroit*, 524 F. Supp. 3d 704, 709 (E.D. Mich. 2021) (citing *Roche Diagnostics Corp. v. Shaya*, 427 F. Supp. 3d 905, 924 (E.D. Mich. 2019) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)).

Plaintiff does not allege facts demonstrating that Lipian engaged in an agreement or preconceived plan with any other person. *Bahr v Miler Bros Creamerty*, 365 Mich 415, 427 (1961). He fails to allege facts showing that any concerted acts were taken by Lipian and anyone else. He fails to allege the date of any concerted or overt action involving Lipian. Alleging that Lipian "met" with third parties and "cajoled them" does not establish an agreement or preconceived plan, or that any overt action was taken in furtherance of a conspiracy. *Bahr*, 365 Mich at 427; ECF No. 30, PageID.423, ¶ 86 (k). Likewise, Plaintiff's bare allegations that Lipian "conspired with others" or "communicated" with third parties are purely conclusory and cannot satisfy the Fed. R. Civ. P. 12(b)(6) pleading standard. *Detroit Will Breathe v. City of Detroit*, 524 F. Supp. 3d 704, 712 (E.D. Mich. 2021) (rejecting conclusory allegation that "all Plaintiffs…conspired with one another").

Plaintiff fails to allege what Lipian or anyone else said about him, or by what means such information was transmitted. Plaintiff fails to allege the identity of any other alleged conspirator, for example, which of the 8 other Defendants he is referring to, or the name of a student or faculty member he spoke to. ECF No. 30, PageID.422, ¶ 86 (c). Plaintiff fails to identify the name of anyone who received any allegedly false or damaging information published by Lipian or any other conspirator. In paragraph ¶ 86 (k) he fails to allege that false information was actually transmitted to anyone because of any concerted action involving Lipian. ECF No. 30, PageID.422, ¶ 86 (k). In *Detroit Will Breathe v. City of Detroit*, 524 F. Supp. 3d 704, 711-712 (E.D. Mich. 2021), the City's

10

civil conspiracy claim was dismissed because it alleged that specific unlawful acts took place during protests but did not plead who took the acts, any facts showing that any individual plaintiff encouraged the acts to be taken, or that there was any agreement between the plaintiffs, let alone one to do unlawful acts. Plaintiff's claim suffers from the same fatal flaws and should be dismissed.

Last, Plaintiff fails to allege an unlawful purpose or unlawful means. For example, Plaintiff's allegation about the provision of "false" "inflammatory" and "prejudicial" information about him to the other Defendants does not allege an unlawful purpose or unlawful means. Other than characterizing the unspecified information as "defamatory[1]" (a bare legal conclusion deserving no weight, particularly in light Plaintiff's failure to allege what bad things were said about him), Plaintiff does not specify why this is unlawful. *Cousineau v. Ford Motor Co.*, 140 Mich. App. 19 (1985).

Finally, the Amended Complaint lacks any factual allegations that show causation. Plaintiff pleads no facts alleging that any act by Lipian caused him injury. *Jackson v. Southfield Neighborhood Revitalization Initiative*, 2023 WL 6164992, at *22 (Mich. Ct. App. Sept. 21, 2023). Plaintiff failed to allege any material facts demonstrating that the elements of his civil conspiracy claim could be met. It should be dismissed.

## 2. Count VII – Intentional Infliction of Emotional Distress Fails to State a Claim

---

[1] Plaintiff does not bring a claim of defamation against Lipian or any other Defendant.

In Michigan, an IIED claim must allege "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.". *Karl G. Barton v. City of Ann Arbor, et. al.*, 2024 WL 4193751, at *11 (E.D. Mich. Sept. 13, 2024) (citing *Chungag v. Wells Fargo Bank, N.A.*, 489 F. App'x 820, 825 (6th Cir. 2012)). "Extreme and outrageous conduct" is a very high bar to meet. "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Graham v. Ford*, 604 N.W.2d 713, 714 (Mich. Ct. App. 1999) (citing *Doe v. Mills*, 536 N.W.2d 824, 833 (Mich. Ct. App. 1995)). This Court and the Sixth Circuit have dismissed IIED claims for failure to allege outrageous conduct where a visibly ill inmate who lost forty-six pounds in a six-month period was denied healthcare for months, *Jones v. Muskegon Cnty.*, 625 F.3d 935, 938–39 (6th Cir. 2010); a city attorney referred to the plaintiff's daughter as a "crack and heroin whore" in writing, *Hilton v. Mish*, 720 F. App'x 260, 267 (6th Cir. 2018); and where defendants allegedly conspired to contaminate Flint's water, *In re Flint Water Cases*, 453 F. Supp. 3d 970, 1001 (E.D. Mich. 2020). Likewise, an employee's firing involving "chas[ing] an employee through the halls" while "shouting and yelling" at them, *Hilden v. Hurley Med. Ctr.*, 831 F. Supp. 2d 1024, 1047 (E.D. Mich. 2011), *aff'd*, 504 F. App'x 408 (6th Cir. 2012); and an employee's discharge after declining her supervisor's sexual advances, *Trudeau v. Fisher Body Div., Gen. Motors Corp.*, 168 Mich. App. 14, (1988) were not enough to make out a claim for IIED.

These cases make it clear that the Court must assess the substance of the alleged behaviors to determine whether they plausibly rise to the level of extreme and outrageous conduct. Here, **Plaintiff does not allege what Lipian said about him**. His bare allegations that Lipian made false, derogatory, and inflammatory statements about him are so vague that the Court cannot find that they rise to the appropriate level of egregiousness required to state a claim of IIED. *Carter v. Quainton*, 2023 WL 8656946, at *4 (E.D. Mich. Nov. 7, 2023), report and recommendation adopted sub nom. *Carter v. Jindale*, 2023 WL 8654894 (E.D. Mich. Dec. 13, 2023) (IIED claim that "Defendants…exhibited extreme and outrageous conduct, by intentionally presenting false information to the parole board" dismissed for lack of specificity). As this Court put it, "using the words 'extreme and outrageous conduct' does not turn Defendants' actions into being 'extreme and outrageous.'" *Carter*, 2023 WL 8656946, at *4 (E.D. Mich. Nov. 7, 2023), *report and recommendation adopted sub nom. Carter v. Jindale*, 2023 WL 8654894 (E.D. Mich. Dec. 13, 2023).

Nor does the Amended Complaint plead any facts showing that actions or statements by Lipian were the direct or proximate cause of severe emotional distress. As in *Jones v. Campbell,* Plaintiff fails to plead any facts addressing, let alone satisfying, these elements and relies solely on a formulaic recitation of these legal elements. *Jones v. Campbell*, 2024 WL 3262606, at *9 (E.D. Mich. July 1, 2024) (claim dismissed for failure to plead facts showing severe emotional distress). Plaintiff's IIED claim should be dismissed.

13

### 3.   Count VIII – Interference with A Business Expectancy Fails to State a Claim

To state a claim of tortious interference with business relations, Plaintiff must plead facts showing, in pertinent part that Lipian knew of Plaintiff's business relationship or expectancy; intentionally interfered by inducing or causing a breach or termination of the expectancy, and that there were resulting damages to Plaintiff. *Multi Holsters, LLC v. Tac Pro Inc.*, 2017 WL 4098857, at *4 (E.D. Mich. Sept. 15, 2017). Plaintiff failed to plead facts establishing these elements of his claim, and as a result, it should be dismissed.

Plaintiff failed to allege facts showing that Lipian had specific knowledge of Plaintiff's business expectancy. The Michigan Court of Appeals has held that the expectancy of which the interferer must be aware "must generally be specific". *Cedroni Assoc. v. Tomblinson, Harburn Assoc.,* 290 Mich. App. 577, 590, 802 N.W.2d 682, 690 (2010), rev'd on other grounds *Cedroni Ass'n, Inc. v. Tomblinson, Harburn Assocs., Architects & Planners Inc.,* 492 Mich. 40, 821 N.W.2d 1 (2012). This Court has held that alleged knowledge of "generalized business dealings" is insufficient to satisfy the knowledge element. *Varlesi v. Wayne State Univ.*, 909 F. Supp. 2d 827, 850 (E.D. Mich. 2012). Plaintiff pled no facts showing that Lipian had specific knowledge of his employment contract with the University. The most that could be inferred from Plaintiff's allegations are a mere awareness of his general business dealings, which is insufficient as a matter of law. *Varlesi*, 909 F. Supp. 2d at 850.

Plaintiff also failed to plead facts showing that Lipian intentionally interfered with his business expectancy by inducing or causing Defendants to breach or terminate it. To satisfy this element, Plaintiff must plead facts showing both improper and intentional interference by Lipian; even where a *per se* wrong is pled, Plaintiff must plead facts evidencing Lipian's intent to interfere, such as his knowledge and decision to ignore that his conduct would inevitably interfere with Plaintiff's business relationship. *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, 898 F.3d 710, 718 (6th Cir. 2018). Plaintiff failed to plead any facts satisfying this standard. He claims, in conclusory fashion, that Lipian intended to "adversely impact the dismissal and other proceedings against [Plaintiff]" (ECF No. 30, PageID.423 ¶ 86(f)); and "caus[e] injury to Plaintiff…professionally" (ECF No. 30, PageID.423 ¶ 86(i)). These claims fall short of pleading facts showing that Lipian knew or was substantially certain that Defendants would terminate their business relationship with Plaintiff because of his actions. *Auburn Sales, Inc.*, 898 F.3d at 718.

Likewise, Plaintiff claims that Lipian had "the intention that the other Defendants would rely" on his alleged misrepresentations (ECF No. 30, PageID.423 ¶ 86(j); and made statements about Plaintiff "for the purpose of encouraging U of M and others to take action against Plaintiff" (ECF No. 30, PageID.424 ¶ 86(n)). But these allegations do not plead that Lipian knew and intended to ignore that Plaintiff's termination was the inevitable result of his conduct. *Auburn Sales, Inc.*, 898 F.3d at 718. At most, Plaintiff claims that Lipian abstractly wished him harm. He did not plead facts

showing that Lipian had any specific intent to bring about the end of Plaintiff's employment relationship with the University Defendants. *See Auburn Sales, Inc.*, 898 F.3d at 717 ("if [Defendants] did not intend to interfere with [Plaintiff's] relationship with Chrysler, then Defendants' otherwise improper conduct cannot create liability for tortious interference").

Nor does the Amended Complaint plead any facts showing that Lipian "unjustifiably instigated or induced" the University Defendants to terminate Plaintiff's employment. *Knight Enterprises v. RPF Oil Co.*, 299 Mich. App. 275, 281 (2013) (holding that evidence that interferer instigated or intentionally induced breach is an "essential element" of the tortious interference claim). Inducing or causing a breach refers to situations where A causes B to choose one course of conduct rather than another, such as by persuasion, intimidation, leaving B no choice, refusal to deal with B, or offering B better terms. *See* Restatement (Second) of Torts § 766 comment h, at 11 and comments l-m, at 13-14. Plaintiff pled no facts showing that Lipian intentionally instigated the termination of Plaintiff's termination or intentionally induced the University Defendants to breach his employment contract.

Plaintiff also failed to plead that any conduct by Lipian proximately caused the end of his employment relationship with the University Defendants. *Alar v. Mercy Mem'l Hosp.*, 208 Mich. App. 518, 530 (1995). Plaintiff admits that Lipian took no part in the dismissal proceedings, and that Defendants independently decided to rely on his allegations. ECF No. 30, PageID.430-431, ¶ 131. In fact, the Amended Complaint

pleads extensive facts showing that Plaintiff would have been fired regardless of Lipian's alleged conduct. To wit, Plaintiff pled that he was fired because:

- he had communications of a sexual nature with two SMTD students other than Plaintiff, which Defendants used to support his dismissal; ECF No. 30, PageID.431, ¶ 137; PageID.432, ¶ 139;

- the hearing committee credited negative hearing testimony about him from students; ECF No. 30, PageID.430, ¶ 125;

- Defendants hid favorable evidence from the hearing committee and supportive witness statements; ECF No. 30, PageID.430, ¶ 127;

- Defendant Seney only included negative information about Plaintiff in her OIE report; ECF No. 30, PageID.430, ¶ 128

- Students other than Lipian and unconnected to him testified negatively about Plaintiff at the hearing; ECF No. 30, PageID.430, ¶¶ 129-130

- Defendants Schlissel and Board of Regents did not independently review relevant materials before affirming the decision to terminate Plaintiff; ECF No. 30, PageID.435, ¶¶ 150-151, 153-154;

- Defendant Board of Regents ignored exculpatory information and voted to dismiss Plaintiff; ECF No. 30, PageID.436, ¶ 156;

Finally, and perhaps most crucially, according to Plaintiff, Defendant's "real reason for dismissing Plaintiff" "was the email from Peter Chalke"—not any conduct by Lipian.

ECF No. 30, PageID.436, ¶ 158. In other words, according to Plaintiff's own allegations, what Lipian allegedly did made no difference, and Plaintiff would have been terminated regardless, meaning that Lipian's conduct was not, as a matter of law, a proximate cause of Plaintiff's loss. *Alar v. Mercy Mem'l Hosp.*, 208 Mich. App. 518, 531 (1995) (citing *Glesner v. Jones,* 368 Mich. 510, 512 (1962) and *Nielsen v. Henry H Stevens, Inc.,* 368 Mich. 216, 220, 118 N.W.2d 397 (1962)). Plaintiff failed to plead facts showing that Lipian's unspecified comments proximately caused his termination.

### 4.    **Lipian's Statements in Judicial Proceedings Are Absolutely Privileged**

Finally, it is well-settled that statements made by witnesses in judicial proceedings are absolutely privileged provided they were relevant, material or pertinent to the issue being tried. *Meyer*, 117 Mich. App. at 709. The privilege applies to both in and out of court statements made in connection with pending judicial proceedings, and it protects judges, attorneys, parties and witnesses. *See Keene v. Rossi*, 2015 WL 13742444, at *15 (E.D. Mich. Nov. 30, 2015). "Falsity or malice on the part of the speaker does not abrogate the privilege", which should be "liberally construed". *Sawyer v. Michigan State Police*, 310 F. Supp. 2d 876, 878 (E.D. Mich. 2004).

Plaintiff generally alleges that Lipian filed a lawsuit in which he made unspecified material misrepresentations about Plaintiff (ECF No. 30, PageID.422, ¶ 86(d)) and that on other unspecified occasions he "perjured" himself on unspecified subject matter in depositions and other legal proceedings (ECF No. 30, PageID.423, ¶ 86(e)). But

Plaintiff did not allege any facts to the effect that Lipian's statements were not relevant, material, or pertinent, and thus, the absolute privilege is conclusively established. *See Meyer*, 117 Mich. App. at 709 (although plaintiff alleged that the defendants perjured themselves, absolute privilege was conclusively established by plaintiff's failure to plead facts rebutting the presumption, such as that the testimony was not relevant, material, or pertinent).

Where acts allegedly constituting tortious interference are legally privileged, the privilege is a defense. *Meyer v. Hubbell*, 117 Mich. App. 699, 710 (1982). The same is true as to Plaintiff's IIED and civil conspiracy claims. *Sawyer v. Michigan State Police*, 310 F. Supp. 2d 876, 878 (E.D. Mich. 2004) (dismissing IIED claim based on privileged statements made in judicial proceeding). *Keene v. Rossi*, 2015 WL 13742444, at *15 (E.D. Mich. Nov. 30, 2015) (defense of judicial proceedings privilege applied "to nearly every conceivable cause of action"). These claims must fail to the extent they are premised on Plaintiff's privileged statements.

## IV. CONCLUSION

All of Plaintiff's claims against Lipian are time-barred. Plaintiff has no cognizable legal argument for equitable tolling. Plaintiff's Amended Complaint failed to plead facts satisfying the basic legal elements of his claims. All the claims against Lipian should be dismissed in their entirety and with prejudice. Finally, because Plaintiff had no basis in fact or law to bring these claims against Lipian, and vexatiously multiplied these proceedings by refusing to dismiss them, Lipian hereby preserves all arguments for

sanctions available under Fed. R. Civ. P. 11, 28 U.S.C.A. § 1927 and the Court's inherent authority.

Dated: September 27, 2024                Respectfully submitted,

                                         **DEBORAH GORDON LAW**
                                         /s/ Deborah L. Gordon
                                         Deborah L. Gordon (P27058)
                                         Attorneys for Plaintiff
                                         33 Bloomfield Hills Parkway, Suite 220
                                         Bloomfield Hills, Michigan 48304
                                         (248) 258-2500
                                         dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

                                         **DEBORAH GORDON LAW**
                                         /s/ Deborah L. Gordon
                                         Deborah L. Gordon (P27058)
                                         Attorneys for Plaintiff
                                         33 Bloomfield Hills Parkway, Suite 220
                                         Bloomfield Hills, Michigan 48304
                                         (248) 258-2500
                                         dgordon@deborahgordonlaw.com