# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DAVID DANIELS**,

        Plaintiff,

v.

**UNIVERSITY OF MICHIGAN**, **UNIVERSITY OF MICHIGAN BOARD OF REGENTS**, et. al.

        Defendants.

Case No. 24-cv-11686

Hon. Sean F. Cox

David R. Grand
Magistrate Judge

_____/

**STACEY LAW PRACTICE**
By:    **Francyne Stacey (P33225)**
455 E. Eisenhower Pkwy, Ste 300
Ann Arbor, Michigan 48108
(734) 821-8088
francyne@staceylawpractice.com
**Attorney for Plaintiff**

**ARBOR LAW PLLC**
By:    **Jay D. Mukerji (P83218)**
455 E. Eisenhower Pkwy, Ste 300
Ann Arbor, Michigan 48108
(734) 773-0087
attorney@arborlaw.com
**Attorney for Plaintiff**

**BUTZEL LONG**
By:    **Daniel B. Tukel (P34978)**
201 W. Big Beaver Road
Suite 1200
Troy, Michigan 48084
(248) 258-1616
tukel@butzel.com
**Attorneys for Defendants**
**University of Michigan**,
**University of Michigan**
  **Board of Regents**,
**Gloria Hage**, **David Gier**,
  **Maureen Burke**, **Martin Philbert**,
  **Margie Pillsbury, Mark Schlissel**
  **And Elizabeth Seney**

**DEBORAH GORDON LAW**
By:  **Deborah L. Gordon (P27058)**
     **Elizabeth Marzotto Taylor (P82061)**
     **Sarah Gordon Thomas (P83935)**
33 Bloomfield Hills Barkway, Suite 220
Bloomfield Hills, Michigan 48258-
248-258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
**Attorneys for Defendant Andrew Lipian**

## PLAINTIFF'S RESPONSE OPPOSING DEFENDANT ANDREW LIPIAN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, David Daniels ("Daniels"), by and through his counsel, Stacey Law Practice PLLC and Arbor Law PLLC, respectfully requests this court to deny Defendant Andrew Lipian's ("Lipian") Motion to Dismiss Plaintiff's First Amended Complaint.  In support, Plaintiff states:

1.     Daniels' claims are not time-barred based on the doctrine of equitable tolling under federal tolling principles and the Michigan statute.

2.     Daniels' Amended Complaint adequately alleges claims against Lipian for Civil Conspiracy, Intentional Infliction of Emotional Distress, and Interference With A Business Expectancy.

3.     Daniels' is not relying solely on statements made by Lipian in prior litigation to support his claims.

4.     LOCAL RULE CERTIFICATION:  I, Francyne Stacey, certify that this document complies with E.D. Mich LR 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for

non-proportional fonts) or 14 point (for proportional fonts). I also certify that

it is the appropriate length.  (E.D. Mich LR 7.1(d)(3).)

Wherefore, Plaintiff requests that Lipian's motion be denied in its

entirety.

<div style="margin-left:50%">

Respectfully submitted,

</div>

Date: 11/14/2024                    STACEY LAW PRACTICE PLLC

<div style="margin-left:50%">

/s/Francyne Stacey (P33225)
Attorney for Plaintiff
455 E Eisenhower Pkwy,
Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com

ARBOR LAW PLLC

/s/Jay Mukerji (P83218)
Attorney for Plaintiff
455 E Eisenhower Pkwy,
Suite 300
Ann Arbor, MI 48108
(734) 773-0087
attorney@arborlaw.co

</div>

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DAVID DANIELS**,

        Plaintiff,

        v.

**UNIVERSITY OF MICHIGAN**, **UNIVERSITY OF MICHIGAN BOARD OF REGENTS**, et. al.

        Defendants.

Case No. 24-cv-11686

Hon. Sean F. Cox

David R. Grand
Magistrate Judge

_____/

**STACEY LAW PRACTICE**
By:   **Francyne Stacey (P33225)**
455 E. Eisenhower Pkwy, Ste 300
Ann Arbor, Michigan 48108
(734) 821-8088
francyne@staceylawpractice.com
**Attorney for Plaintiff**

**ARBOR LAW PLLC**
By:   **Jay D. Mukerji (P83218)**
455 E. Eisenhower Pkwy, Ste 300
Ann Arbor, Michigan 48108
(734) 773-0087
attorney@arborlaw.com
**Attorney for Plaintiff**

**BUTZEL LONG**
By:   **Daniel B. Tukel (P34978)**
201 W. Big Beaver Road
Suite 1200
Troy, Michigan 48084
(248) 258-1616
tukel@butzel.com
**Attorneys for Defendants**
**University of Michigan**,
**University of Michigan**
  **Board of Regents**,
**Gloria Hage**, **David Gier**,
  **Maureen Burke**, **Martin Philbert**,
  **Margie Pillsbury, Mark Schlissel**
  **And Elizabeth Seney**

**DEBORAH GORDON LAW**
By:  **Deborah L. Gordon (P27058)**
      **Elizabeth Marzotto Taylor (P82061)**
      **Sarah Gordon Thomas (P83935)**
33 Bloomfield Hills Barkway, Suite 220
Bloomfield Hills, Michigan 48258-
248-258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
**Attorneys for Defendant Andrew Lipian**

## PLAINTIFF'S RESPONSE OPPOSING DEFENDANT ANDREW LIPIAN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAIN

## TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………..……………………………...iii

STATEMENT OF ISSUES PRESENTED ................................................................v

STATEMENT OF FACTS  .......................................................................................1

ARGUMENT ............................................................................................................7

# Table of Authorities

## Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................... 19

*Auburn Sales,*
    898 F.3d 710 (6th Cir. 2018) ........................................................23, 24

*Baggett v. Bullitt,*
    377 U.S. 360 (1964) ............................................................................. 9

*Bassett v. NCAA,*
    528 F.3d 426 (6th Cir. 2008) ............................................................. 18

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................... 19

*Cedroni Assocs. v. Tomblinson,*
    290 Mich. App. 577 (2010) ................................................................ 23

*Erickson v. Pardus,*
    551 U.S. 89 (2007) ............................................................................. 20

*Forrester v. Clarenceville Sch. Dist.*
    537 F. Supp. 3d 944 (E.D. Mich. 2021) ........................................18,19

*Hilden v. Hurley Med. Ctr.,*
    831 F. Supp. 2d 1024 (E.D. Mich. 2011) ........................................... 22

*Holland v Florida,*
    560 U.S. 631 (2010) ........................................................................... 10

*Jones v. Muskegon Cnty,*
    625 F.3d 935 (6th Cir. 2010) ............................................................. 22

*Keene v. Rossi,*
    2015 WL 13743222 (E.D. Mich 2015) ............................................... 24

*Mercurio v. Huntington Nat'l Bank,*
  2023 WL 4981374 (Mich. Ct. App. Aug.3, 2023) ............................................. 21

*Meyer v. Hubbell,*
  117 Mich. App. 699 (1982) .................................................................................25

*Multi Holsters, L.L.C v. Tac Pro, Inc*
  No. 16-cv-10417, 2017 WL 4098857 (E.D. Mich. Sept. 15, 2017) .................. 23

*New Alb Tractor, Inc. v. Louisville Tractor, Inc.,*
  650 F.3d 1046 (6th Cir. 2011) ....................................................... 20,21

*Smith v. Davis,*
  953 F.3d 582 (9th Cir. 2020) ............................................................... 11

*Trudeau v. Fisher Body Div.,*
  168 Mich App 14 (1988) ............................................................... 22

**Statutes**

MCL §600.5855 ............................................................................ 16

**Other**

Fed. R. Civ. P. 8.............................................................................. 20

Fed. R. Civ. P. 12............................................................................18

Fed. R. Civ. P. 56............................................................................22

E.D. Mich LR 5.1 ............................................................................ .

E.D. Mich LR 7.1 ............................................................................

**STATEMENT OF ISSUES PRESENTED**

I.    Should federal and state tolling doctrines be applied in this case?

    Daniels answers:  Yes
    Lipian answers:  No

II.   Has Daniels adequately pled facts to support his claims for relief against Lipian?

    Daniels answers:  Yes
    Lipian answers:  No

III.  Are statements made by Lipian outside of judicial proceedings privileged?

    Daniels' answers:  No
    Lipian answers:  N/A

## I.   INTRODUCTION AND STATEMENT OF FACTS

Daniels was a tenured professor at the University of Michigan's ("U of M") School of Music, Theatre and Dance ("SMTD") who was wrongfully terminated in violation of his rights to due process and equal protection and numerous common law claims. He brings Civil Conspiracy (Count V), Intentional Infliction of Emotional Distress (Count VII), and Interference With A Business Expectancy (Count VIII) claims against Lipian. (Exhibit 1 - Plaintiff's First Amended Complaint).

Daniels and his husband, Scott Walters, first met Lipian in 2012 and they became personal friends. Lipian intentionally refuses to acknowledge this fact. In 2016, Lipian enrolled in the School of Music, Theater, and Dance ("SMTD") at the University of Michigan ("U of M"), specifically to study voice with Daniels.

In October 2018, Lipian filed suit against U of M and Daniels alleging sexual harassment in violation of Title IX, among other claims. *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF No. 1. Daniels filed an Answer and Counterclaim against Lipian, *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF Nos. 16 and 17. In his Answer, Daniels described his personal friendship with Lipian dating back to 2012 and denied the allegations made by Lipian against him. In his Counterclaim, Daniels claimed invasion of privacy and intentional infliction of emotional distress claims stating, in part, that Lipian had

made unsubstantiated and untrue allegations about Daniels' private life and, further, that much of Lipian's Complaint included unsubstantiated claims by others, not Lipian himself. Daniels was dismissed from that case on February 21, 2019 (*Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF 31). Lipian's case was settled on April 11, 2023 ("Minute Entry for in-person proceedings before District Judge Terrence G. Berg: Settlement Conference, Final Pretrial Conference held on 4/11/2023. Disposition: Settlement reached. Parties to submit a stipulation and proposed order. (Court Reporter: Linda Cavanagh) (AChu) (Entered: 04/11/2023"). Lipian's statement that his case was settled in May 2023 is false.

Daniels' allegations against Lipian are based on Lipian's extreme, outrageous, and intentionally harmful and malicious conduct which, in turn, significantly damaged Daniels. Lipian provided false statements regarding Daniels to Defendant Seney in connection with her Office of Institutional Equity ("OIE") investigations concerning Daniels. Lipian deleted text and Facebook messages he sent to Daniels in order to hide the length and nature of their friendship. Lipian met with, cajoled, and persuaded SMTD students and faculty members to join him in providing false and damaging information to OIE and the other Defendants in this case, all with the intention of destroying Daniels' reputation and ruining his career. Lipian communicated and strategized with the "young singer" throughout the

course of the criminal proceedings against Daniels in Houston. Lipain communicated with the prosecutors in Houston and was willing to be a witness in the Houston criminal proceedings. Lipain pretended to be Daniels' friend and confidant while at the same time feeding false and malicious information about him to the other Defendants in this case, the "young singer" and the Houston prosecutors (Exhibit 1 - Plaintiff's First Amended Complaint). For the Court's convenience, a timeline is below:

**TIMELINE**

| DATE | EVENT |
|---|---|
| 2012 | Daniels and his husband, Scott Walters ("Walters), meet Lipian and they become friends. |
| 07/01/2015 | Daniels is hired as a professor at the U of M School of Music Theatre and Dance (SMTD). |
| Fall 2016 | Lipian enrolls in the SMTD specifically to study voice with Daniels. |
| 05/17/2018 | Daniels is granted tenure at U of M. |
| 07/16/2018 | Defendants, except Lipian, receive an anonymous email from "Peter Chalke" containing allegations of sexual misconduct against Daniels and his husband from years earlier in Houston. |
| August 22, 2018 | The accuser, mentioned only as the "young singer" in the Peter Chalke" email, makes a public statement to the New York Daily News which is, in turn, picked up by many media outlets. |

| | |
|---|---|
| August 22, 2018 | Lipian texts Daniels offering his support against the accusations made by the "young singer": "I heard. My thoughts and love are with you and Scott right now…it's gonna be ok. We'll fight this sob…With your permission, I'd like to take the lead and post a studio email in support of you and Scott." (Exhibit 3 - text messages between Daniels and Lipian, *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF 138).[1] |
| August 2018 or earlier | Lipian contacts the "young singer" even though they don't know each other and have never met. They begin communicating via texts, phone calls, and encrypted emails. Exhibit 4 - excerpts from Lipian's depositions, pgs. 257-258 (*Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF 230-17). |
| | See also Exhibit 5 - email from LEXUT1988@protonmail.com to info@Resilience CommunicationsLLC.com dated November 1, 2018. The "young singer" (among others) is copied on this email at samuelschultzbaritone@gmail.com.[2] This continues at least through Plaintiff's criminal trial in August 2023 and may be ongoing. |
| August 23, 2018 | The day after the "young singer" speaks publicly, Lipian tells Matt Thompson, an SMTD faculty member, that Daniels sexually assaulted him back in March 2017. Lipian's report is uncanny in its similarity to the "young singer's" public statement. As a mandatory reporter, Thompson reports this information to Defendant Seney. |
| August 2018 | Lipian, after offering his support to Daniels begins |

---

[1] These are not privileged communications as they are not pertinent to the claims made by Lipain in his civil case.

[2] "Proton Mail  protects the contents of all your messages with zero-access encryption, meaning no one can read them except you and your recipients. Messages you send to other Proton Mail accounts are always end-to-end encrypted, as are emails sent to non-Proton Mail accounts when you use Password-protected Emails". From Proton.me website.

|  | talking and meeting with SMTD students and others in an effort to persuade them to make untrue and salacious statements about Plaintiff (Exhibit 1- Plaintiff's First Amended Complaint, para. 37). |
|---|---|
| September 2018 | Lipian makes an unannounced visit to Daniels' home to once again offer his support and encouragement against the accusations made by the "young singer". At the same time, Lipian is secretly talking with, emailing, and texting the "young singer". |
| October 2018 | Lipian files a civil action against U of M and Daniels. Lipian's Complaint contains numerous false statements including, but not limited to, paragraphs 26 and 27, in which he alleges that on March 24, 2017, Plaintiff invited him over and groped and touched his genitals and face (Lipian Complaint, *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF 1). Daniels has text messages and affidavits proving that Lipian was not at his home on March 24, 2017. These will be produced in the course of discovery. |
| January 2019 | Daniels and his husband are indicted in Houston, Texas on sexual assault charges allegedly relating to the "young singer". |
| 07/15/2019 | Lipian seeks Daniels' deposition in his civil case. Daniels files a motion for a protective order to stay the deposition because of the pendency of the criminal proceedings in Houston (Exhibit 6- Daniels' Motion For Protective Order To Stay Daniels' Subpoenaed Deposition, *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF 93). The motion is denied but Daniels "pleads the Fifth" to almost every question asked. |
| 09/17/2019 | Daniels files a written request to the Senate Advisory Committee on University Affairs (SACUA) to stay the dismissal proceedings in light of the pendency of the |

|  |  |
|---|---|
|  | Houston case. SACUA refuses to do so. |
| 03/20/2020 | COVID shutdown begins in Michigan and nationwide. |
| 04/21/2021 | First trial date set for Houston case. Adjourned for 19 months due to continuing COVID-related delays. |
| 11/10/2022 | Next trial date for Houston case. This is postponed due to the cancer diagnosis and treatment of Walters' counsel (John Shea).  The trial is reset for January 2023. |
| 01/25/2023 | This trial date is postponed because Mr. Shea is in the middle of a trial in another case. The trial is reset for March 2023. |
| 03/24/2023 | This trial date is postponed at the prosecution's request, with witness unavailability asserted as the reason. The trial is reset for early August 2023. |
| 03/27/2023 | U of M files a Motion To Compel Production of Video (Exhibit 7 - Motion To Compel Production of Video (*Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF 291). |
| 04/11/2023 | Walters files a response to the Motion to Compel Production of Video (Exhibit 8 - Response by Nonparty William Scott Walters to Defendant's Motion To Compel Production of Video, *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF 313). |
|  | In that response, Walters states, in part:  "the basis for Mr. Walters asserting the privilege in 2019 was that he faced sexual assault charges in Texas, and the Texas prosecutor had represented that Lipian's allegations were relevant to that case…That basis still exists.  Mr. Walters is scheduled for trial in that case starting on August 4, 2023.  Mr. Lipian is on the prosecutor's witness list." |
| 08/04/2023 | Houston trial set to begin. Lipian is no longer scheduled |

to testify but the prosecutor intends to introduce evidence from Lipian's civil case at trial.

Prosecutors, Daniels and Walters reach a plea agreement just as the trial is about to begin. The Court holds a hearing in which it approves the plea agreement, and receives guilty pleas (as required by Texas law) but does not enter them as Daniels and his husband are approved for Deferred Adjudication. Daniels and Walters are placed on probation. Upon completion of probation, the charges against both will be dismissed.

| | |
|---|---|
| 08/04/2023 | Daniels and Walters are obliged to remain in Houston until their probation can be transferred to Michigan. |
| March 2024 | Daniels' and Walters' probation is finally transferred to Michigan, where they promptly move and establish residency. |
| 06/28/2024 | Daniels files and serves the present lawsuit. |

## II.   <u>ARGUMENT</u>

### A.   THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFF'S CLAIMS AGAINST LIPIAN SHOULD BE TOLLED

Daniels was dismissed from his tenured faculty position on March 26, 2020. Daniels' criminal case concluded on August 4, 2023. Lipian was in direct communication with the "young singer" complainant and the various prosecutors in Houston from at least August 2018 through the trial date. Lipian was listed as a prosecution witness until just prior to the final trial date. The Houston prosecutors intended to use evidence produced in and testimony from Lipian's civil case at the criminal trial. After August 4, 2023. Once the plea agreement was entered, Daniels

was required to remain in Houston for seven months while his probation was transferred from Texas to Michigan. Daniels filed this lawsuit on June 28, 2024, within a year of the conclusion of the criminal proceedings and within a few months of establishing his residence in Michigan.

Lipian argues that Daniels' claims against him are barred by the three-year statute of limitations applicable to tort claims in Michigan. In light of the extraordinary circumstances presented in this case, the statute of limitations should be tolled and Daniels should be allowed his day in court.

The recent decision by the Sixth Circuit Court of Appeals in *Wershe v City of Detroit, et al.*, No. 23-1902 (6th Cir. August 8, 2024) (Exhibit 9) provides a framework for when equitable tolling should apply in the Sixth Circuit - "when some significant impediment beyond the plaintiff's control prevented the plaintiff from filing a timely action". *Id* at pg.6.

In *Wershe,* the court also referenced Michigan's tolling statute noting that the plaintiff in that case did not argue that any of Michigan's statutory grounds for tolling applied to him. The court implied, however, that had the plaintiff made such an argument, the federal tolling analysis might apply regardless if the Michigan tolling rules are inconsistent with federal policy.  *Id* at pg. 17.

**1.    The Statute of Limitations Should Be Tolled Based On Federal Equitable Tolling Principles**

In *Wershe*, the Court first discussed the general purpose of statutes of limitations:

> They prevent parties from bringing claims long after the "evidence has been lost, memories have faded and witnesses have disappeared"...Despite their value, the time limits imposed by statutes of limitations may on occasion be too mechanical and unforgiving. For that reason, the doctrine of equitable tolling permits a court to pause the statute of limitations when some significant impediment beyond the plaintiff's control prevented the plaintiff from filing a timely action." *Id* at pg. 6 (citations omitted).

Additionally, the application of the doctrine of equitable tolling is to be made on a case-by-case basis." *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964). In this case, Daniels filed his Complaint within a year after the criminal proceedings against him were concluded, all of the evidence remains intact and accessible and all of the witnesses are available and able to testify. To the extent that any witness' memory has faded, numerous documents to refresh their memory are readily available. Thus, Lipian, generally, will not be prejudiced if the statute is tolled.

Specifically, the *Wershe* court looked at five factors but noted that its list was not exhaustive. The factors included: (1) whether the plaintiff lacked notice of the filing requirement, (2) whether the plaintiff lacked constructive knowledge of the filing requirement, (3) whether the plaintiff diligently pursued his rights, (4) whether the application of equitable tolling would prejudice the defendant and (5) whether the plaintiff reasonably ignored the filing requirement. *Wershe* at pg. 9. Additionally, the *Wershe* Court acknowledged that the U.S. Supreme Court, in

habeas cases, applies a simpler test, i.e. whether the plaintiff has been diligently pursuing his rights but some extraordinary circumstance prevented timely filing. While the Sixth Circuit declined to extend this test beyond habeas cases, it indirectly acknowledged its validity when it stated that had it utilized that framework in *Wershe*, the result would have been the same.

In the present case, factors 1, 2, and 5 under *Wershe* do not apply and the *Wershe* court did not require satisfaction of all five factors - they are simply indicia of the kinds of equitable principles favoring tolling. Equitable tolling in the present case focuses solely on the third and fourth factors - Daniels' diligent pursuit of his rights and the absence of prejudice to Lipian as a defendant. The following two sections address each of these in detail and under applicable authority.

    a.    <u>Factor 3 - Daniels' Diligent Pursuit Of His Rights</u>

The third factor, diligence, was defined by the *Wershe* court to mean that a plaintiff needs to have pursued his claims with some regularity as permitted by his circumstances during the period for which he seeks tolling. *Id* at pg. 12. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court distinguished between reasonable diligence (required) and maximum feasible diligence (not required). In determining whether a plaintiff seeking equitable tolling exercised reasonable diligence the court is required to "consider the petitioner's overall level of care and

caution in light of his or her particular circumstances. *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020).

In *Wershe*, the plaintiff did not pursue his potential claims with any regularity - in fact, he waited <u>decades</u> before bringing suit. The plaintiff's excuse in *Wershe* was that he was afraid of government retaliation but he did not present any factual support for his position. More importantly, the evidence showed that the plaintiff had pursued other legal actions during the period when he claimed to be fearful of retaliation.

In contrast, Daniels was diligent in pursuing his claims. First, he filed a motion for a protective order to stay his deposition in the civil case filed by Lipian against U of M. In that motion, filed and served on July 15, 2019 (after Daniels' indictment), Daniels stated, among other things:

> In this case, the factors weigh in favor of staying Daniels' deposition.  In his Complaint, Lipian refers specifically to Daniels' alleged criminal conduct in Houston and equates his alleged experiences with Daniels to those criminal allegations...

Daniels goes on to point out:

> There is no prejudice to Lipian in staying Daniels' deposition pending the resolution of criminal charges against Daniels...if Daniels is deposed now, in this case, he will have to assert his Fifth Amendment rights regarding current or impending criminal charges which will be used against him in the course of this civil case and prejudice his criminal case as well. Exhibit 6 - Daniels' Motion For Protective Order To Stay Daniels' Subpoenaed Deposition, *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF 93.

Next, Daniels hired separate counsel to address the legal and ethical issues that arose when the University retained Hooper Hathaway to represent SACUA in Daniels' dismissal proceedings. In a letter dated August 28, 2019, Edward Hood, an attorney with Clark Hill, respectfully requested that Hooper Hathaway withdraw its representation. Mr. Hood copied Defendant Hage on that correspondence as well as Mr. Tukel (Exhibit 10 - letter from Edward Hood to Bruce Wallace dated August 28, 2019).

In September 2019, Daniels sent correspondence to the dismissal hearing committee requesting a stay of those proceedings (Exhibit 11- Memo to SACUA).[3] In that correspondence, Daniels stated, in part:

> The issues in the criminal case overlap with the issues to be addressed in the dismissal hearing.  The OIE investigations and the charges to be considered at the dismissal hearing involve allegations of sexual misconduct and harassment.  The prosecutor in Texas has advised that he believes the Michigan allegations are relevant to his proofs and he presented some of that evidence to the grand jury in Texas in the course of obtaining the indictments…

> Any prejudice to the University caused by staying the dismissal proceedings is minimal as compared to the prejudice that would be suffered by Daniels if he did not invoke his Fifth Amendment rights…the only burden on the University if this request is granted is the fact that it would have to continue paying Daniels for a longer time period.  Given that Daniels is only one individual among the thousands employed by the University, that burden is minimal.

---

[3] While this correspondence is undated, the metadata reflects that it was uploaded to Daniels case file on September 17, 2019.  The SACUA committee noted that it received this correspondence as well.  Exhibit 12 -excerpts from the dismissal hearing transcripts.

In conclusion, considering all of the above and that the hearing transcript, witness lists, witness testimony and exhibits would all be available to the prosecutor in Harris County Daniels' request should be granted and the hearing should be stayed pending the outcome of the criminal proceedings in Texas.

Daniels addressed these issues again at the commencement of his dismissal hearing, all to no avail (Exhibit 12 - excerpts from the dismissal hearing transcripts).

Daniels' criminal trial was finally set to begin on August 4, 2023, 4 years and 7 months after he was charged. As the affidavits of Matt Hennessy (Exhibit 13- Affidavit of Edward Mathew Hennessy) and John Shea (Exhibit 14- Affidavit of John Shea) show, the trial date was adjourned at least 4 times. The first trial date was April 2, 2021. That was adjourned for 19 months because of COVID. The November 10, 2022 trial date was adjourned because Shea was undergoing cancer treatments. The January 25, 2023 trial date was adjourned because Shea was in a criminal trial in the Eastern District of Michigan. The March 24, 2023 trial date was adjourned because one of the State's witnesses was going to be out of the country on the date set for trial.  None of these delays were requested by Daniels and none of the delays were within his control.

In addition, Daniels' criminal counsel and co-counsel were legitimately concerned that anything Daniels said or did with respect to the University

proceedings or in Lipian's lawsuit would have seriously prejudiced his defense in Houston. They were aware that Lipian was communicating directly with the prosecutors, the detective, and the "young singer" complainant (Exhibit 13 - Affidavit of Edward Mathew Hennessy, paragraphs 13, 14; Exhibit 14 - Affidavit of John Shea, paragraphs 15, 16). See also Exhibit 8 which shows that as late as April 2023, Lipian was listed as a witness for the prosecution. By August 2023, Lipian was no longer scheduled to testify but the prosecutor intended to use witness statements, exhibits, and testimony from Lipian's lawsuit against Daniels in Texas (Exhibit 9- Response to Motion to Compel Production of Video; Exhibit 14 - Affidavit of John Shea; Exhibit 15 - the complete docket sheet of proceedings in Houston). Due to the nature of the criminal charges brought against Daniels and Lipian's lawsuit, and the fact that Lipian was in direct communication with the "young singer" the entire time (Exhibit 4 - excerpts from Lipian deposition, pgs. 257-258; Exhibit 5 - email from LexUT1988@protonemail.com), Daniels' criminal counsel advised him about his Fifth Amendment rights against self-incrimination and Daniels chose to invoke those rights (Exhibit 14 - Affidavit of Edward Mathew Hennessy, paragraph17).

Under the circumstances here, it was virtually impossible for Daniels to take any action against Lipian until the criminal case in Houston was resolved because of :

1.      The court delays over which Daniels had no control.

2.      The continued direct and covert communications (and Daniels believes, strategy discussions) between Lipian and the "young singer".

3.      Lipian's direct communications with the Houston prosecutors.

4.      The prosecutor's intention to call Lipian as a witness and use evidence from his civil case in the criminal proceedings.

In short, Lipian was a voluntary, willing, and able participant and co-conspirator with the other Defendants and in the Houston criminal case and Daniels was as he could be under the circumstances in pursuing his claims.

   b.      <u>Factor 4 - No Prejudice to Lipian</u>

The fourth equitable tolling factor is whether Lipian would be prejudiced by equitable tolling. He would not. In this case, all of the witnesses and exhibits, as well as other evidence, remain readily available. Unlike the plaintiff in *Wershe*, who asked the court to toll the statute for decades, here Daniels is asking for less than a year. In *Wershe*, unlike here, many of the documents had been destroyed and a significant number of witnesses had passed away. Moreover, Lipian's counsel is intimately familiar with every aspect of Daniels' claims against Lipian. She represented him in *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321. All relevant documents are accessible and available to Lipian.

In conclusion, Daniels diligently pursued his claims against Lipian as best he could under the circumstances and Lipian will not be prejudiced if Daniels is allowed to proceed. Basic fairness requires that the doctrine of equitable tolling be applied in this case.

### 2.     The Statute of Limitations Should Be Tolled Under Michigan Law

Mich. Comp. Laws §600.5855 states:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

In this case, Lipian concealed his communications with the "young singer" by using his phone to call and text him and an encrypted email that could not be traced. In his deposition in *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, Lipian testified that he communicated with the "young singer" via text and phone calls even though they had never met:

> Do you know who Sam Schultz -- have you ever met Sam Schultz?
> A: No, sir, I have not.
> Q: Have you ever communicated with him?
> A: Yes.
> Q: How do you communicate with him?
> A: Phone calls.
> Q: Do you communicate with him in writing at all?
> A: At times.

Q: What method of writing?· Text message?· Emails?
A: Text messages.
Q: How did you get his contact information?
A: I don't remember.
Q: Did someone provide it to you
A: I don't recall.
Q: What do you talk to him about?
A: I didn't -- I talked to him about just expressing my
Support.
Q: And did he respond to you?
A: Yes.
Q: Did he share information to you about his experiences?
A: I don't recall in detail.
Q: Did you share information about your experiences with
David Daniels?
A: I don't recall in detail.

Exhibit 4 - excerpts from Lipian's deposition, pgs. 257-258, *Lipian v University of Michigan,* et al., Case No. 2:18-cv-13321, ECF 230-17. See also Exhibit 5 - email from LEXUT1988@protonmail.com to info@ResilienceCommunicationsLLC.com dated November 1, 2018). The "young singer" (among others) is copied on this email at samuelschultzbaritone@gmail.com.

In or around March 2023, Daniels learned that Lipian was listed as a witness in the criminal case in Houston and that the Houston prosecutor intended to use evidence produced in Lipian's civil case at the Houston trial (Affidavit of Edward Mathew Hennessy, paragraph 13, 14; Exhibit 14 - Affidavit of John Shea, paragraphs 15, 16).

The Michigan tolling statute allows a claim to be brought within 2 years after a person discovers the existence or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations. Daniels discovered the extent of Lipian's involvement in the criminal case in Houston in 2023. On that basis, his claims against Lipian are <u>timely</u> under Michigan's tolling statute. And, if Michigan's tolling statute is inconsistent with federal tolling principles, equitable tolling, as described in the *Wershe* case, would apply.

Based on the exceptional circumstances described above, Lipian's deceitful conduct, unclean hands, and improprieties, this Court can and should toll the statute of limitations under both federal tolling principles and the Michigan tolling statute and allow Daniels' claims against Lipian to proceed in this court.

## C. DANIELS HAS ADEQUATELY PLED FACTS TO SUPPORT HIS CLAIMS FOR RELIEF AGAINST LIPIAN

Lipian's motion is made under Fed. R. Civ. P. 12(b)(6), "failure to state a claim upon which relief can be granted." When reviewing motions under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiffs. *Forrester v Clarenceville Sch. Dist.* 537 F. Supp. 3d 944 (E.D. Mich. 2021), *Bassett v. NCAA.,* 528 F.3d 426, 430 (6th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Forrester* at 948. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 948. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id* at 948.

Lipian argues that Daniels' Amended Complaint does not meet the pleading standards under Fed. R. Civ. P.  8(a) and 12(b)(6), alleging that it lacks sufficient factual detail and contains only "labels, conclusions, and a formulaic recitation of the legal elements." That argument fails.

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that a complaint must contain sufficient factual matter to state a claim that is plausible on its face. See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), where the Court emphasized a complaint need only "permit the court to infer more than the mere possibility of misconduct" to survive a motion to dismiss.

In the present case, Daniels' Amended Complaint does more than provide legal conclusions; it sets forth specific factual allegations regarding Lipian's conduct and the resulting harm he caused.  Lipian's argument that Daniels failed to include "the most basic facts," such as "what words Lipian allegedly said about

him, to whom, and on what date" is without merit. Fed. R. Civ. P. 8(s) does not require a plaintiff to plead each statement with the precision of exact dates or verbatim quotes, especially at this early stage. In *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), the Court affirmed that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint (citations omitted).  *Id* at 93.  Daniels has done this and more in his Amended Complaint.

Lipian relies on *New Alb. Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011), to argue that Daniels' Amended Complaint lacks the factual specificity necessary to state a plausible claim for relief. While that case was ultimately dismissed, the District Court, when it first reviewed the motion to dismiss, allowed the plaintiff to submit an affidavit stating how it would prove a necessary element of its claims. The plaintiff did that and the court denied the motions stating: "While the Court believes that the evidence adduced by Plaintiff is not sufficient to prove its case at trial, the Court also recognizes that a claim should only be dismissed under Rule 12(b)(6) if it is clear that discovery will not lead to evidence that will sustain Plaintiff's action" (Exhibit 16 - *New Alb.  Tractor, Inc. v*

*Louisville Tractor, Inc.*, Civil Action No. 3:08-cv-664-H, W.D. Kentucky at Louisville, October 30, 2009).

In the present case, Daniels' Amended Complaint meets the standards required by the applicable court rules and case law.

### 1. Civil Conspiracy (Count V)

Lipian cites *Mercurio v. Huntington Nat'l Bank*, 2023 WL 4981374 (Mich. Ct. App. Aug.3, 2023) to support his motion as regards Daniels' civil conspiracy claim. In *Mercurio*, the court stated: "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Id* at pg. 10. In that case, unlike here, the allegations made by the plaintiff were purely conclusory. In the present case, Daniels' allegations against Lipian describe Lipian's concerted actions to accomplish an unlawful purpose, namely to ensure Daniels' dismissal (Exhibit 1 - Plaintiff's Amended Complaint, paragraphs 37 and 86). Daniels has alleged and will be able to demonstrate a causal link between Lipian's conduct and the harm he suffered as a consequence. Daniels' Amended Complaint includes as much specificity as possible at this stage as to what Lipian did and with whom he acted in concert. Lipian engaged in an ongoing conspiracy to damage Daniels. Lipian's motion to dismiss Daniels' civil conspiracy claim should be denied.

### 2. Intentional Infliction of Emotional Distress ("IIED") (Count VII)

Lipian argues that Daniels' IIED claim fails to state a claim, relying on cases that have dismissed IIED claims for failing to meet Michigan's high threshold for "extreme and outrageous conduct." The difference between this case and the cases cited by Lipian is that those cases were dismissed on motions for summary judgment, after discovery. In the present case, the discovery process hasn't begun.

Lipian cites *Jones v. Muskegon Cnty*, 625 F.3d 935 (6th Cir. 2010), where the court held that an IIED claim failed.  That case was dismissed on motions for summary judgment per Fed. R. Civ. P. 56(c)(2), not at the initial pleading stage. The same was true in *Hilden v. Hurley Med. Ctr.*, 831 F. Supp. 2d 1024 (E.D. Mich. 2011), and in *Trudeau v. Fisher Body Div., Gen. Motors Corp.*, 168 Mich App 14 (1988), all cited by Lipian to support his motion.

In the present case, Daniels has adequately set forth a claim for IIED. Lipian told lies about Daniels, lied about the nature of his and Daniels' relationship, lied about being sexually assaulted by Daniels, and pretended to be Daniels' confidant and supporter while at the same time befriending and supporting Daniels' Houston accuser. Lipian's motion to dismiss Daniels' claim for IIED should be denied.

### 3. Interference with Business Expectancy (Count VIII)

The elements of a cause of action for interference with a business expectancy include (1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the defendant, (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage to the plaintiff. *Cedroni Assocs. v. Tomblinson, Harburn Assoc.*, *Architects & Planners, Inc.* 290 Mich. App. 577 (2010). Daniels has met these requirements. Daniels had a valid business relationship with U of M - he was a tenured faculty member. Lipian was aware of that relationship as Daniels' was Lipian's professor. Lipian intentionally interfered with Daniels' business relationship with U of M by engaging in all of the intentional, malicious, and harmful conduct discussed throughout this response and Daniesl suffered harm as a result.

Lipian cites *Multi Holsters, L.L.C. v. Tac Pro, Inc.*, No. 16-cv-10417, 2017 WL 4098857 (E.D. Mich. Sept. 15, 2017) (Exhibit 17), to argue that Plaintiff's interference with business expectancy claim is insufficiently pled. This is simply not the case. Daniels has sufficiently pled each required element.

Lipian also cites *Cedroni*, supra, to argue that Daniels' claim is too general and does not show that Lipian had specific knowledge of Daniels' business expectancy. That argument fails - Daniels was Lipian's professor. See Exhibit 1 - Plaintiff's Amended Complaint. Lipian also relies on *Auburn Sales, Inc. v. Cypros*

*Trading & Shipping, Inc.*, 898 F.3d 710 (6th Cir. 2018), arguing that Daniels has not established that Lipian's actions directly caused damages to Daniels' business expectancy. As with other cases cited by Lipian, the *Auburn Sales* court dismissed the plaintiff's claims on motions for summary judgment, i.e. after discovery. Here, discovery has not begun. Thus, Lipian's motion to dismiss this claim is, at best, premature. In the present case, Daniels' allegations satisfy Michigan's requirements for a tortious interference with business expectancy claim. Lipian's motion to dismiss Count VIII should be denied.

### 4. Statements Made by Lipian Are Not Privileged.

Daniels has adequately stated claims for relief against Lipian and does not rely solely on statements made by Lipain in *Lipian v. University of Michigan,* et al., Case No. 2:18-cv-13321 to do that.

In *Keene v. Rossi*, 2015 WL 13743222 (E.D. Mich 2015), (Exhibit 18), the court found that the privilege applies to both in and out-of-court statements made in connection with pending judicial proceedings. In that case, the plaintiff's claims were premised entirely on an allegedly false affidavit submitted to the probate court in a <u>pending</u> proceeding. Here, to the extent that Daniels' seeks to use statements made by Lipian in Lipian's civil case, the privilege no longer applies as that case was settled in April 2023.

In *Meyer v. Hubbell*, 117 Mich. App. 699 (1982), the court appears to have applied the privilege to subsequent litigation but that case and *Sawyer v. Michigan State Police,* Civil No. 03-74062, 3 (E.D. Mich. Mar. 22, 2004) (Exhibit 19), are distinguishable from this one. Here, Daniels alleges that Lipian made false statements outside of any judicial proceedings. None of those statements are privileged as they were not made in connection with any judicial proceedings. Daniels is, therefore, entitled to use them to support his claims.

### III.   CONCLUSION

For the foregoing reasons, Daniels respectfully requests that the Court deny Lipian's motion to dismiss in its entirety.

Date:  11/14/2024

Respectfully submitted,
STACEY LAW PRACTICE
/s/Francyne Stacey (P33225)
Attorney for Plaintiff
455 E Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com

ARBOR LAW PLLC
/s/Jay Mukerji (P83218)
Attorney for Plaintiff
455 E Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 773-0087
attorney@arborlaw.com