UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DANIELS,

    Plaintiff,                                     Case No. 24-cv-11686

v.

                                                       Hon. Sean F. Cox
UNIVERSITY OF MICHIGAN ET AL.,        United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART UNIVERSITY OF MICHIGAN**
**DEFENDANTS' MOTION TO DISMISS (ECF No. 31) AND DENYING**
**DEFENDANT LIPIAN'S MOTION TO DISMISS (ECF No. 32)**

In this federal-question action, Plaintiff David Daniels attempts to plead two federal claims and several supplemental state-law claims against several defendants. But Daniels's federal claims are barred by the applicable statute of limitations and are not subject to equitable tolling, so the Court shall dismiss those claims with prejudice and decline supplemental jurisdiction over Daniels's state-law claims.

## BACKGROUND

Daniels was a music professor at the University of Michigan ("U of M") until 2018 when, he alleges, he was fired for sexual misconduct without adequate process. Daniels also alleges that he is homosexual, and that similarly situated heterosexual professors accused of similar misconduct kept their jobs at U of M. Daniels now brings due-process (Count I) and equal-protection (Count II) claims under 42 U.S.C. § 1983 against seven current and former U of M faculty and staff members (together, "Individual Defendants") for alleged misconduct in connection with his termination. Daniels also brings state-law claims (Counts III–VIII) against Individual Defendants, U of M, the U of M Board of Regents, and an individual named David Lipian.

1

Daniels concedes that his § 1983 claims are barred by the applicable statute of limitations but maintains that he is entitled to equitable tolling because he was charged with sexual assault in the State of Texas in October 2022, he pled guilty to that on August 4, 2023, and he filed this action as soon as he could in June 2024.[1]  Individual Defendants disagree and move to dismiss Daniels's § 1983 claims as time barred.  Individual Defendants also move to dismiss Daniels's state-law claims against them, and U of M and the U of M Board of Regents join that motion.  The remaining defendant, Lipian, filed his own motion to dismiss Daniels's state-law claims against him.  Briefing on the defendants' motions to dismiss has concluded, and the Court heard oral argument.  For the following reasons, the Court shall dismiss Daniels's § 1983 claims with prejudice and decline supplemental jurisdiction over his state-law claims.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  And "if [a] plaintiff['s] complaint contains facts which satisfy the elements of the defendant's affirmative defense, [a] district court may apply the defense."  *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013).

---

[1] Although the operative complaint doesn't discuss the dates when Daniels was charged and pled guilty in his Texas criminal prosecution, Individual Defendants offer a public record that does.  (ECF No. 31-9); *see also New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

## ANALYSIS

Daniels concedes that his § 1983 claims are barred by the applicable statute of limitations,[2] but the parties dispute whether Daniels is entitled to equitable tolling.[3] Because § 1983 claims "lack express statutes of limitations," courts "borrow the personal-injury statute of limitations from the state in which the claim arose." *Wershe v. City of Detroit*, 112 F.4th 357, 365 (6th Cir. 2024) (quoting *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017)), *cert. denied*, No. 24-545, 2025 WL 247463 (U.S. Jan. 21, 2025). And "state[] equitable tolling principles likewise govern § 1983 claims" unless the state's "tolling rules are 'inconsistent with the federal policy underlying [§ 1983].'" *Id.* at 371 (alteration in original) (quoting *Bishop v. Child.'s Ctr. for Developmental Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010)).

The parties agree that Daniels's § 1983 claims arose in Michigan, and Michigan's statute of limitations for personal injury claims is expressly prescribed by statute. *See id.* at 365; *see also* Mich. Comp. Laws § 600.5805(2) (2025) ("[T]he period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property."). "And under Michigan law, an express statute of limitations ordinarily cannot be equitably tolled." *Wershe*, 112 F.4th at 371. Daniels doesn't point to any

---

[2] Daniels argued in the papers that his § 1983 claims arose outside the applicable statute of limitations based on the continuing violations doctrine, but Daniels conceded at oral argument that the applicable statute of limitations bars his claims.

[3] Individual Defendants also argued that Daniels's § 1983 claims for injunctive relief fail because he seeks such relief against them in their official capacities, and official-capacity defendants aren't "persons" amenable to suit under § 1983. This argument fails because "a state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).
  In his response brief, Daniels conceded that *Will* barred his claims for injunctive relief under § 1983. (ECF No. 35, PageID.934 ("Plaintiff agrees that neither a State nor its officials acting in their official capacities are persons under §1983.")). But Daniels nevertheless maintained at oral argument that his claims for injunctive relief arose under § 1983. The Court thus presumes that Daniels seeks injunctive relief under § 1983 and not, say, *Ex parte Young*, 209 U.S. 123 (1908).

Michigan law showing otherwise, and therefore his § 1983 claims are time barred unless Michigan's tolling principles are inconsistent with the federal policy underlying § 1983.

The Sixth Circuit recently declined to consider whether Michigan's tolling rules are inconsistent with the federal policy underlying § 1983. *See id.* The Sixth Circuit did, however, explain that if Michigan's tolling rules conflict with § 1983's purpose, then the five factors that courts consider in deciding whether to toll the statute of limitations for claims arising under the Federal Tort Claims Act ("FTCA") would control. *See id.* at 364–71. Those five factors are: "whether the plaintiff (1) lacked notice of the filing requirement, (2) lacked constructive knowledge of the filing requirement, (3) diligently pursued his rights, (4) would prejudice the defendant in pursuing the claim, and (5) reasonably ignored the filing requirement." *Id.* at 366.

Here, Daniels concedes that Michigan's express statute of limitations for personal-injury claims bars his § 1983 claims, and he doesn't explain how Michigan's tolling rules are inconsistent with the federal policy underlying § 1983. This is sufficient to deny equitable tolling here. *See, e.g.*, *id.* at 371. And even if Michigan's tolling rules don't apply to Daniels's § 1983 claims, the FTCA equitable-tolling factors weigh against him. Daniels conceded at oral argument that he knew about the relevant statute of limitations and understood how it applied to his § 1983 claims. Daniels nevertheless maintains that he reasonably ignored that statute of limitations because filing this action could have incriminated him in his Texas criminal case. Daniels also says that he diligently filed this action as soon as he pled guilty in that case, and that Individual Defendants won't be prejudiced if his § 1983 claims go forward.

Daniels's reliance on his Texas criminal case to excuse his untimeliness is problematic. For one thing, Daniels pled guilty in that case on August 4, 2023, yet he didn't file this action until June 28, 2024—a delay of almost eleven months. For another, Daniels could not explain

4

how filing this action would have incriminated him in his Texas case. The only equitable-tolling factor that arguably weighs in Daniels's favor is the absence of prejudice to Individual Defendants. *Id.* at 369 (holding that prejudice exists where "many of the relevant documents would be nearly impossible to locate, that events would be difficult to recall, and . . . a significant number of would-be witnesses are now dead"). But that's not good enough, given that the other equitable-tolling factors weigh against Daniels.

Daniels argues that he should be allowed to bring his § 1983 claims outside the statute of limitations because his civil complaint in this action would have helped Texas prosecutors prove he committed sexual assault. Given that Daniels later pled guilty to that very sexual assault (albeit a reduced charge), his request for tolling lacks equity. Daniels's § 1983 claims are barred by the applicable statute of limitations, and he is not entitled to equitable tolling under Michigan or federal law. Thus, Daniels's federal claims fail, and the Court shall decline supplemental jurisdiction over his state-law claims. 28 U.S.C. § 1367(c)(3) (providing that "district courts may decline to exercise supplemental jurisdiction over a [supplemental state-law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction").

## CONCLUSION & ORDER

Daniels's federal claims in this federal-question action are time barred. Accordingly, **IT IS ORDERED** that Individual Defendants', U of M's, and the U of M Board of Regent's motion to dismiss (ECF No. 31) is **GRANTED** to the extent that it seeks dismissal of Counts I and II **with prejudice** and is **DENIED** in all other respects. Because Daniels does not plead any federal claims against Lipian, Lipian's motion to dismiss (ECF No. 32) is accordingly **DENIED**. **IT IS FURTHER ORDERED** that Counts III–VIII are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

<u>s/Sean F. Cox</u>
Sean F. Cox
United States District Judge

Dated: February 10, 2025